■ FAY BARRETT, Respondent, v BROOKLYN SOCIETY FOR THE PREVENTION OF CRUELTY TO CHILDREN, INC., et al., Appellants. —In an action to recover damages for the alleged violation of the plaintiff's civil rights, (1) the defendant Brooklyn Society for the Prevention of Cruelty to Children, Inc. (hereinafter BSPCC) appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Scholnick, J.), dated January 31, 1985, as denied its motion pursuant to CPLR 3211 to dismiss the complaint, and, (2) the defendant Department of Social Services of the City of New York: Special Services for Children (hereinafter DSS/SSC) appeals from so much of the same order as denied its motion pursuant to CPLR 3212 for summary judgment dismissing the complaint.

Order reversed insofar as appealed from, without costs or disbursements, motions granted and complaint dismissed.

The plaintiff's husband, who lived with the plaintiff and their infant daughter, was named the respondent in a child abuse proceeding brought as a result of allegations made by the child to personnel of the defendants BSPCC and DSS/SSC. These allegations were ultimately recanted and the child abuse proceeding was dismissed, but in the interim the child was kept by the defendants in protective custody. As can best be discerned from a liberal construction of the complaint at bar, the plaintiff claims that her constitutional right to due process of law was violated by her not being named as a respondent in the child abuse proceeding or otherwise being

advised of her rights, thus effectively denying her the opportunity to challenge the placement of her daughter in protective custody. The plaintiff does not allege that the actions taken by the defendants with respect to the removal of her daughter were illegal or in bad faith.

Clearly, the plaintiff had no right to be named a respondent in the child abuse proceeding. Further, she fails to demonstrate that she was entitled to any notice beyond the mailgram sent to her following the emergency removal of her daughter, advising her to appear at the initial Family Court hearing. There is nothing in the plaintiff's complaint or affidavit, or in the record, alleging that the plaintiff's husband did not receive all statutorily required notices (see, Family Ct Act § 1024 [b]), and we are unprepared to hold that the defendants also owed a separate statutory duty to a nonrespondent custodial parent living in the same household. We therefore disagree with Special Term that the pleadings submitted by the plaintiff are sufficient to allege a breach of duty, and we accordingly dismiss the complaint. Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.